Argued 28 June, decided 24 July, 1905.

## SEHLBREDE *r.* STATE LAND BOARD.

81 Pac. 702.

POWER OF STATE LAND BOARD TO WAIVE FORFEITURE.

1. The State Land Board has the power to waive a forfeiture imposed by law for the nonpayment of installments on the purchase price of public land.

PUBLIC LANDS—FORFEITURE UNDER STATUTE OF 1878.

2. Where one, on giving notes for the balance of the price of public lands, receives a certificate of sale, entitling him to a deed on payment of the notes according to their tenor, but containing the provision of Laws 1878, p. 47, that, if any interest on the notes shall remain unpaid for a year after it is due, the certificate shall be void, and all payments shall be forfeited, and the land shall be deemed vacant and shall be subject to sale as if it had not been sold, such a default in payment of interest ipso facto forfeits the contract of purchase and all rights of the purchaser thereunder.

PUBLIC LANDS—WAIVER OF FORFEITURE BY ACT OF 1899.

3. Laws 1899, p. 77, § 5, providing that the holder of a certificate of sale of public lands theretofore issued may pay up arrears of interest within six months of the date of the act, and that all forfeitures of the certificate are suspended for such period, waives a forfeiture of the certificate only so far as one exists at the date of the act for default in payment of interest, and does not waive a forfeiture for default in payment of interest thereafter accruing.

From Marion: REUBEN P. BOISE, Judge.

Statement by MR. JUSTICE BEAN.

This is a mandamus proceeding by C. A. Sehlbrede to compel the State Land Board to issue to plaintiff a deed for state lands alleged to have been purchased by him. On January 3, 1890, he applied to purchase three hundred and twenty acres of school land in Douglas County, depoisting with the clerk of the State Land Board, at the time his application was filed, one third the purchase price, and his two promissory notes for the balance, bearing 10 per cent interest, payable semiannually, due, respectively, one and two years from date. His application was approved, and the money and notes accepted on February 20th, in form as made, except that the date of the notes was changed to correspond with the date of the acceptance, and a certificate of sale issued and delivered to him, stating that upon the payment of his notes in full, according to their tenor, he would be entitled to a deed; "but, in case any interest on said notes shall remain unpaid for one year after the same becomes due, then this certificate shall be void, and all payment made thereon shall be forfeited, and the land shall be deemed vacant, and shall be subject to sale as if it had not before been sold." On August

20, 1891, interest was paid on both of the notes, and on February 16, 1892, the note first maturing was paid, and the interest on the other. On April 13, 1899, interest was paid to date and accepted on the outstanding note, but no further payments have been made thereon. On September 9, 1902, plaintiff tendered the balance due, and demanded a deed, but the board refused to accept the money or make the conveyance, and hence this action. A demurrer to the alternative writ was sustained by the court below, and the plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Charles. A. Sehlbrede, James Corwin Fullerton, George S. Downing* and *Ossian Franklin Paxton,* with oral arguments by *Mr. Sehlbrede,* in pro. per., *Mr. Paxton* and *Mr. Fullerton.*

For respondent there was a brief and an oral argument by *Mr. Andrew Murray Crawford,* Attorney General.

MR. JUSTICE BEAN delivered the opinion of the court.

1. The law under which the sale of state lands was made at the time plaintiff's application to purchase was accepted and the certificate issued to him provided that upon the payment by an applicant of one third of the purchase price of the land applied for, and the execution of his promissory notes, due in one and two years, respectively, and bearing 10 per cent interest, for the remainder, he should be entitled to a certificate from the board that he had purchased the land, paid a certain sum thereon, executed his promissory notes for the balance, and on the payment of such notes would be entitled to a deed, and declares that "if any interest should remain unpaid on any note or notes given for part of the purchase price of lands for one year after the same becomes due, the sale and certificate shall be void, and all payments thereon shall be forfeited, and the land shall be deemed vacant, and shall be subject to sale as if it had not before been sold": Laws 1878, p. 47. This law was amended or superseded by the act of 1899 (Laws 1899, p. 160, § 14), which, however, makes no material change in this regard, except to provide that the sale and certificate shall be void if any installment of principal, as well as interest, shall remain unpaid for the time stated.

Construing this and a similar statutory provision and contracts made by virtue thereof, the court has held that the time of payment of interest on the deferred payments on contracts for the purchase of state lands made prior to 1899, and on both principal and interest on contracts made since that time, is of the essence of the contract, and a failure to make any such payments within the time specified in the statute operates ipso facto to forfeit the contract and all rights of the purchaser thereunder, without any action of the State or its officers, or judicial decision to that effect, but that, like all contracts for the sale of land containing a similar stipulation, it may be waived by the vendor, and that the State Land Board has authority, by virtue of its power to make rules and regulations for the transaction of its business, etc., to act for and bind the State by such waiver: *Miller* v. *Wattier,* 44 Or. 347 (75 Pac. 209) ; *Robertson* v. *Low,* 44 Or. 587 (77 Pac. 744).

2. The soundness of these decisions is questioned by counsel for plaintiff, and we are asked to review the grounds upon which they rest. This we have done, but without changing or modifying our opinion. The land offered for sale belonged to the State. It had a right to sell it upon such terms and conditions as it might deem advantageous. No one was compelled to accept its terms, or to make a purchase unless he desired to do so; and, if he did, his act was voluntary, and he cannot complain of the conditions imposed. Whether the transaction, where the purchase price is not paid in full and the deed executed at the time of the purchase, is to be considered as a sale, or a mere executory contract for a sale, is immaterial, so far as any question now before us is concerned. In such case no title to the land passes from the State; and the contract is made, and the certificate of sale issued, upon the express condition that the sale and certificate will become void, and all rights or interests of the purchaser thereunder be forfeited, by a failure to make the deferred payments in accordance with the law. The statute in this regard is to us plain, and the legislative purpose apparent. There is really no room for construction. Indeed, language could scarcely have been selected more clearly expressing the legislative intent, at the time the plaintiff's contract was made, to make the time

of the payment of the interest on the deferred installments of the purchase price, and, since 1899, to make the payment both of principal and interest, of the essence of the contract for the sale of state lands, and to forfeit such contracts and all rights and interests of the purchasers thereunder in case of the failure to make such payments within the time provided in the statute. The provision that in default of payment for one year after the same becomes due the sale and certificate shall become void, all payments forfeited, and the land vacant and subject to sale as if it had not been before sold, is, by virtue of the law authorizing the sale itself, a part of the contract, and it is just as valid and binding as similar provisions in contracts between individuals, and it should be given exactly the same force and effect. The decisions heretofore made are but applications to this class of contracts of the general rules governing ordinary contracts for the sale of land containing such provisions. The full and complete discussion of the question in the recent case of *Maffet* v. *Oregon & Cal. R. Co.* 46 Or. 443 (80 Pac. 489), renders needless its further consideration at this time.

3. At the time the plaintiff tendered the balance due on his contract and demanded a deed, he was about three and one half years in default with the payments of his interest, and therefore his rights under the law and his contract were forfeited, and the contract itself was void and of no effect, unless the default had in some manner been waived or excused. It is not averred or claimed that there was any express waiver, but it is argued that the time essence stipulation was impliedly waived by the receipt and acceptance of payments of principal and interest. No payment of either interest or principal was received or accepted by the land board from the plaintiff after his contract had by its terms become forfeited, except the one made on April 13, 1899. The payments of August 20, 1891, and of February 16, 1892, were all made within the time specified in the statute, and within one year after the same became due. The payment of April 13, 1899, was received and accepted by the board, not of its own motion, but in pursuance of the provisions of Section 5 of the act of 1899 (Laws 1899, p. 77), which reads as follows: "The holder of any certificate of sale heretofore issued, desiring to

pay up all arrears of interest at the rate of 6 per cent per annum, shall be entitled to do so, provided said arrears of interest, and so much of the principal as shall leave only one third of the purchase price unpaid, shall be paid to the State Land Board within six months from date on which this act goes into effect, and all forfeiture of such certificates of sale is suspended for said period. In case the holder of such certificate of sale shall make the payments herein provided, his note for the remaining one third of the purchase price shall bear interest at 6 per cent and, in case the interest is paid promptly, shall be permitted to stand until demand is made by the board."

An intention to waive the time essence stipulation in the contract cannot, therefore, be implied from the course of dealing between the parties, or from the action of the land board in receiving and accepting payments on the contract after forfeiture had accrued. Nor did the act of 1899 amount to a waiver of such stipulation, or a modification of the contract, so far as future payments of interest were concerned. It was a mere legislative offer to the purchasers of state lands who were in arrears in the payment of interest to waive such forfeiture and accept payment of such arrearage at the rate of 6 per cent per annum, provided it, together with so much of the purchase price as would leave only one third remaining, should be made within six months; and in case of such payment it was provided that the remainder of the purchase price should bear interest at the rate of 6 per cent per annum, and "in case the interest is paid promptly" should be permitted to stand until demanded by the board. It made no change or modification in existing contracts, or the law under which they were made, as to the time of payment of interest in the future, or the effect of a failure to make such payment within the stipulated time after it becomes due. It left the original contracts in full force and effect, except it gave the purchasers who were in default an option to reinstate themselves, and generously offered to permit them to do so by paying 6 per cent interest, rather than that stipulated in their contracts, provided it was made within a certain time. It may be that under the act no forfeiture would accrue for a failure to pay the principal, unless its payment was first demanded by the

state board; but it expressly provides that the interest must be paid "promptly" as stipulated, and that the payment of principal shall be deferred, if at all, only on condition that the interest is so paid. So that we do not think the plaintiff's rights, so far as the future payment of interest is concerned, were at all changed by the act of 1899, except it was reduced from 10 to 6 per cent. It was still obligatory on him to make the payments promptly, in order to save the forfeiture of his contract. This he did not do, but allowed the matter to run along for more than three years. Under the law and the terms of his contract, the court is powerless to relieve him from the consequences of his default, assuming for the purposes of this case, but without deciding, that mandamus will lie to compel the State Land Board to issue a deed or patent, and deliver it to a purchaser of state lands who has complied with his contract.

Judgment affirmed.                                        AFFIRMED.

NOTE.—On December 4, 1905, a rehearing was denied in this case, the affirmance to be without prejudice to further proceedings.     REPORTER.